IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEE E. NICHOLS,

        Petitioner,

v.

WARDEN – USP MCCREARY,

        Respondent.

Case No. 3:25-cv-00031-SPM

# ORDER TRANSFERRING CASE

**McGLYNN, District Judge:**

    Petitioner Lee Nichols, a federal inmate who is currently assigned to the United States Penitentiary – McCreary ("USP-McCreary") in Pine Knot, Kentucky brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Specifically, Nichols brings claims of ineffective assistance of counsel and unconstitutionality of the statute under which he was convicted. (*Id.*).

    The proper venue for filing a § 2241 petition is in the district where the prisoner is confined. *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004)). *See also Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)). Accordingly, this Court has authority to transfer the habeas action to any other court in which the action could have been brought at the time it was filed. *See United States v. Prevatte*, 300 F.3d at 799 n. 3 (citing 28 U.S.C. § 1631; *Gray-Bey v.*

*United States*, 209 F.3d 986, 989 (7th Cir. 2000)). Because USP-McCreary is located in the federal judicial district for the Eastern District of Kentucky, the Court finds that the Eastern District of Kentucky is the proper venue for this habeas matter.

**IT IS THEREFORE ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky for such further proceedings as that Court may deem appropriate. The Clerk of Court is **DIRECTED** to take all actions necessary to effectuate said transfer.

**IT IS SO ORDERED.**

**DATED:  February 10, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
